**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE MARTIN LORENZO HAWKINS**
      **PAMELA DENISE HAWKINS**,           Case No. 05-42379-DOT
          **Debtors**                   Chapter 7


**PAMELA HAWKINS**

**v.**                                 APN 05-03156-DOT

**PROPERTY INVESTMENTS, INC.,
ITS SUCCESSORS AND/OR ASSIGNS**
      **Defendant**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on debtor's complaint to obtain a declaratory judgment

asserting the applicability of the automatic stay in case number 05-42379 to debtor's interest in

real property located at 1203 West Washington Street, Petersburg, Virginia 23805. In her

complaint, debtor asks the court to invalidate a foreclosure sale of the debtor's aforementioned

real property held October 24, 2005. Defendant filed an answer and counterclaim seeking an

order validating the foreclosure sale and allowing Property Investments, Inc., to pursue its

remedies as they exist in state law incident to obtaining possession.

Hearing was held December 7, 2005, on an expedited basis on debtor's motion to

invalidate foreclosure sale.[1] Both parties presented oral argument. For the reasons stated below,

the court declines to issue the declaratory judgment sought in the complaint and finds that

---

[1] The motion to invalidate foreclosure sale was filed subsequent to the complaint in the adversary proceeding, 05-42379, along with a motion to expedite hearing on that motion. The motion to invalidate foreclosure was substantively identical to the complaint; therefore, argument presented at hearing related also to the complaint.

defendant had *in rem* relief as to debtor's interest in the real property at the time of the

foreclosure, with the result that the foreclosure sale was valid.

**Facts.**

Debtor and her husband, Martin Hawkins, are the owners of real property located at 1203

West Washington Street, Petersburg, Virginia 23805.  Defendant Property Investments, Inc. is

the holder of a note and deed of trust secured by the subject real property.  Mr. and Mrs.

Hawkins between them have filed six chapter 13 cases since 2003, four of which caused the

cancellation of a foreclosure sale by defendant.  Notably, all except the current case have been

dismissed.[2]

In Mr. Hawkins previous chapter 13 case, 04-40866, Property Investments filed a motion

for relief from the automatic stay based on its interest in the Hawkins's primary residence

located at 1203 West Washington Street, Petersburg, Virginia 23805.  Defendant's motion

requested *in rem* relief against both debtor and co-debtor in that case, primarily because of the

Hawkins's history of serial filings and purported abuse of the bankruptcy system.[3]  Mrs.

Hawkins did not respond to the motion, and subsequently, the motion was settled as to the debtor

and granted as to the co-debtor in open court at a hearing on the motion held June 21, 2005.  A

consent order granting modification of the stay was entered June 24, 2005, providing *in rem*

relief to Property Investments in the event of a future default.  The order provided in relevant

part:

---

[2] Debtors have filed successive bankruptcies as follows: 1) individual chapter 13, case #03-30921, filed by Martin
Hawkins, dismissed for failure to pay the second installment fee; 2) individual chapter 13, case #03-37341, filed by
Martin Hawkins, dismissed for failure to commence plan payments; 3) individual chapter 13, case #04-31399, filed
by Pamela Hawkins, dismissed with prejudice for 180 days on court's ruling on an objection to confirmation and
motion to vacate order dismissing case; 4) individual chapter 13, case #04-34791, filed by Martin Hawkins,
dismissed for failure to commence plan payments; and 5) individual chapter 13, case #04-40866, filed by Martin
Hawkins, dismissed on trustee's motion to dismiss case.

It is further ORDERED that, in view of the history of bankruptcy filings set forth in the motion and incorporated herein any relief from stay granted to Property Investments, Inc., Its Successors and/or Assigns, in this case, whether by default or dismissal of this case, shall constitute an equitable servitude against the Debtor's interest in the real estate located at 1203 West Washington Street, Petersburg, Virginia 23803, and shall be effective not withstanding the filing of another case by the Debtor or Co-Debtor or by any other transferee of the Debtor or Co-Debtor under any Chapter of the Bankruptcy code in this or any other court.

Mr. Hawkins failed to comply with the terms of the consent order,[4] and relief from the automatic stay was granted automatically as of July 22, 2005. Debtor filed this chapter 13 case, 05-42379, jointly with her husband on October 15, 2005. Property Investments exercised its right to initiate foreclosure proceedings pursuant to the terms of the consent order and conducted a foreclosure sale of the property on October 24, 2005.

## Conclusions of Law.

Whether the defendant had *in rem* relief from the automatic stay against Mrs. Hawkins, the debtor in this case, at the time of the foreclosure sale is the issue in this adversary proceeding. Debtor asks the court to consider two grounds for finding that the automatic stay did not continue in effect as to her interest in the property upon the commencement of the present case.

First, debtor asserts that she has been denied due process and a meaningful opportunity to comprehend that her interest in the real property was compromised to the extent agreed in the order.[5] "Due process requires notice that is reasonably calculated, under the circumstances, to

---

[3] See supra, note 2 for a history of the Hawkins' successive filings.

[4] Debtor did not comply with the condition requiring him to become current on his mortgage payments as of June 21, 2005.

[5]  It was proffered at oral argument that had debtor been given better notice, she would have had a greater opportunity to make the prior case work. As four out of five of debtor's or her husband's previous cases were dismissed for failure to make plan payments, it appears that far from being motivated to make payments in order to make the case successful, debtors were using bankruptcy protection to evade paying their debts altogether.

apprise an interested party of the pendency of an action." Sung Enters. V. Sage (In re Snug

Enters.), 169 B.R. 31 (Bankr. E.D. Va. 1994) (quoting Mullane v. Central Hanover Bank & Trust

Co., 339 U.S. 306, 314-15 (1950)).  As with Snug Enterprises, a due process challenge is usually

raised with regard to creditors' rights.

The court finds that debtor was given proper notice of the motion and *in rem* order in the

earlier case and that the due process requirements were met.  In support of this finding,

defendant offered evidence at the hearing on December 7, 2005, that proper notice was given to

debtor.  Further bolstering this testimony are the order's service list, which included debtor's

name and address, and defendant's counsel's certification that the order was endorsed by all

necessary parties.  Debtor further argues that even if she had notice, she did not consent to the

order entered by the court on June 24, 2005, and offers as proof that she did not sign the order.

However, the motion was granted as to co-debtor by the court and her signature was not

necessary to bind her to the terms of the order.

Second, debtor argues that the plain language of the order suggests that the *in rem* relief

awarded to defendant in the consent order was effective only against the debtor in that case, Mr.

Hawkins.  Debtor relies on the language in the order that states that "any relief from stay granted

to Property Investments, Inc. . . . . shall constitute an equitable servitude against the Debtor's

interest in the real estate . . . ."  She argues that because no mention was made of the co-debtor's

interest, the equitable servitude runs only against her husband's interest in the property.

However, debtor fails to read this language in the context of the entire order.  The language

---

Furthermore, debtors are in arrears on the mortgage as of September 2002, and have made only two payments since
January 2003.  The court, therefore, does not give much weight to this argument but rather is inclined to agree with
defendant's argument at hearing that debtor's bad faith alone is sufficient to justify an order validating the
foreclosure sale.  Indeed, relief may be granted for "cause" under 11 U.S.C. § 362(d) when the court finds a case has
been commenced in bad faith.  See 11 U.S.C. § 362(d); In re Laguna Assocs. Ltd., 30 F.3d 734 (6th Cir. 1994); In re

conferring *in rem* relief on defendant states that "relief from the automatic stay is granted as to

the Co-Debtor and denied to the Debtor subject to the following conditions." This simply means

that defendant agreed to forego relief from the stay from both the debtor and co-debtor so long as

debtor continued to meet the enumerated obligations.[6] As aforementioned, debtor failed to meet

his obligation to become current by a specified time, thus conferring *in rem* relief to the

defendant on both parties.

Debtor further argues that when ambiguity exists, language should be construed against

the drafter, here the defendant in this case. Defendant argued at hearing that the language is

unambiguous regarding whose interest would be compromised as a result of default, as in any

event, an equitable servitude runs as to property, not as to people. The court agrees with this

interpretation. The Restatement (Third) of Property (Servitudes) defines servitude as "a legal

device that creates a right or an obligation that runs with land or an interest in land." § 1.1(1). It

further states that "[r]unning with the land means that the right or obligation passes automatically

to successive owners or occupiers of the land or the interest in land with which the right or

obligation runs." Id. § 1.1(1)(a). Moreover, as explained above, the court finds that a plain

meaning reading of the order reveals that relief was granted as to both debtor and co-debtor of

that case. Therefore, debtor's second argument must also fail.

Accordingly,

IT IS ORDERED that plaintiff's complaint seeking declaratory judgment asserting the

applicability of the automatic stay in case number 05-42379 to plaintiff's interest in the property

at 1203 W. Washington Street, Petersburg, Virginia 23805 is DISMISSED;

---

Dixie Broadcasting, Inc., 871 F.2d 1023 (11th Cir. 1989).
[6]  See supra, note 4. Failure to become current on the mortgage arrears by June 21, 2005 was the event of default

IT IS FURTHER ORDERED that debtor's motion to invalidate foreclosure sale is

DENIED;

IT IS FURTHER ORDERED that the foreclosure sale held October 24, 2005, is

validated, and

IT IS FURTHER ORDERED that any automatic stay in the instant case is annulled for

cause as to Property Investments, Inc., pursuant to 11 U.S.C. § 362(d)(1).  Property Investments

may pursue its remedies as they exist in state law.


Signed this __th day of December, 2005.


         /s/ Douglas O. Tice Jr.
         DOUGLAS O. TICE JR.
         CHIEF JUDGE
         UNITED STATES BANKRUPTCY COURT

**Copies to:**

Andrew George Adams, III
100 E. Main Street
Richmond, Virginia 23219
*Counsel for Plaintiff*

Eric David White, Esq.
Samuel I. White, PC
1804 Staples Mill Road, Suite 200
Richmond, Virginia 23230
*Counsel for Defendant*

---

that triggered defendant's relief from the stay on June 22, 2005, pursuant to the terms of the consent order.