

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA D. HAWKINS,

    Appellant,

v.                                          Civil Action No. 3:06cv115

PROPERTY INVESTMENTS,
INC.,

    Appellee.

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY Carolyn McCracken
    DEPUTY CLERK

### MEMORANDUM OPINION

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. See 28 U.S.C. § 158 (2000). The co-debtor and appellant, Pamela D. Hawkins, seeks a reversal of the Bankruptcy Court's Order of December 13, 2005, dismissing her complaint in which Hawkins asserted that the automatic stay barred a foreclosure sale of certain real property and seeking invalidation of the foreclosure sale.

### STATEMENT OF FACTS

In Hawkins' original complaint, she requested the Bankruptcy Court to invalidate a foreclosure sale held on October 24, 2005, for real property held jointly with Martin Lorenzo Hawkins and located at 1203 West Washington Street, Petersburg, Virginia 23805. In response, the defendant and now appellee, Property Investments, Inc. ("Property Investments"), sought an order validating the

foreclosure sale. After oral argument on the matter, the Bankruptcy Court for the Eastern District of Virginia declined to grant declaratory judgment for Hawkins and instead granted *in rem* relief to Property Investments as to Hawkins' interest in the real property. The Bankruptcy Court thus held that the foreclosure sale was valid.

## DISCUSSION

"Decisions of a bankruptcy judgment on core bankruptcy matters are reviewed under a clear error standard for findings of fact and a *de novo* standard for conclusions of law." In re Giovanni, 324 B.R. 586, 593 (E.D. Va. 2005); see also FED. R. BANKR. P. 8013. Additionally, the burden of proof "is on the party that seeks to reverse the Bankruptcy Court's holding. That party must show that the court's holding was clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not simply that another conclusion could have been reached." In re Johnson, 236 B.R. 510, 518 (D. D.C. 1999).

Hawkins raises two arguments on appeal. First, Hawkins reiterates the argument made in the Bankruptcy Court that she was denied due process during the disposition of a Chapter 13 proceeding for Mr. Hawkins. Second, Hawkins asserts an argument not previously raised in the Bankruptcy Court, specifically, that a conflict of interest occurred during that court's proceedings.

2

The Bankruptcy Court correctly held in its Memorandum Opinion and Order of December 13, 2005, that Hawkins was not denied any due process rights. As the Fourth Circuit recently explained:

> [T]he Supreme Court has set forth the requirements for constitutionally adequate notice of an impending deprivation of property. "[I]n any proceeding which is to be accorded finality," due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Plemons v. Gale, 396 F.3d 569, 573 (4th Cir. 2005) (quoting Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950)).

The Bankruptcy Court found that Hawkins was given proper notice of the motion filed by Property Investments and the *in rem* order arising out of the Chapter 13 case for Mr. Hawkins. The Bankruptcy Court based this finding on evidence that Property Investments offered at a hearing held on December 7, 2005. This evidence included the order's service list, including Hawkins' name and address, as well as certification that the order was endorsed by all necessary parties. That was not a factual error. Nor was it an erroneous interpretation of the law by the Bankruptcy Court because notice was given to Hawkins in a way which was reasonably calculated to apprise her of the pendency of the action. See Mullane, 339 U.S. at 314.

The second argument that Hawkins raises is that the parties involved in the Bankruptcy Court proceeding presented a conflict of

3

interest. She states: "Parties Involved [sic] present a notable conflict of interest by being privy to the agreement and drafters of Motion in Case # 04-40866." Hawkins provides nothing further in the brief to explain what is meant by this statement. Moreover, absent circumstances not present here, this Court will not entertain arguments that were not presented to the Bankruptcy Court in the first instance. Accordingly, this argument is rejected.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Memorandum Opinion and Order of December 13, 2005 is affirmed.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to the plaintiff and to counsel of record.

It is so ORDERED.

/s/ Robert E. Payne
United States District Judge

Richmond, Virginia
Date: November 6, 2006